George ANDREWS, J.,
delivered the opinion of the Court.
The plaintiff in error, was indicted for the murder of one Samuel Cunningham, and was convicted of murder in the first degree. His motion in arrest of judgment was overruled, and after judgment entered against him, he appealed in error to this Court.
The indictment after the usual venue and formal commencement, charges the killing as follows: “He, the said Lucius Witt, then and there, at the time and place aforesaid, lying in wait for him, the said Samuel Cunningham, being in the peace of the State, did then and there, willfully, maliciously, deliberately and premedita-tedly, kill and murder the said Samuel Cunningham, by striking him with stones and a stick on the front and back part of the head, contrary to the statute in such case made and provided,” etc.
The indictment in this record is fatally defective in omitting to charge that the offense was committed felo-neously, or with malice aforethought; and containing no words of equivalent import. These words were absolutely essential to the sufficiency of an indictment at common law. The Code, secs. 5114 and 5120, declares, that indictments shall be framed in ordinary and concise language, and that where the common law prescribes particular and technical language, it is sufficient to describe the offense according to the general rules laid down in the Code. But this does not authorize *7 the omission from the indictment of any words essential to the description of the offense.
The words nsed hi the definition of the offense of murder, in sec. 4597 of the Code, are “unlawfully” and “with malice aforethought.” The words used in this indictment, are not equivalent. The indictment would be good if it charged the offense according either to the common law, or the statute; but in this case, it follows neither. It does not use the word “unlawfully,” and does not charge the killing to have been unlawful, unless by dubious inference.
This indictment appears to follow a precedent given by Judge Caruthers, in sec. 819, of his History of a Lawsuit, as one which, in his opinion, might safely be adopted under the provisions of the Code. But with the highest respect for the distinguished author of that work, we are compelled to hold that this indictment is not sufficient.
Though this disposes of the case, we think it proper to notice some questions arising upon the charge of the Court.
The Circuit Judge instructed the jury, that “if the fact of lying in wait is not proven to your satisfaction, you may proceed under this indictment, independent of that circumstance, and ascertain whether the offense was not murder in the first degree, by another kind of willful, deliberate, malicious and premeditated killing, not specifically named, in section 4598, in the Code; as by poison or in the commission of or attempt to commit a felony or murder in the second degree, or manslaughter, or excusable homicide.”
*8 Where the indictment charges the killing to have been done with a particular weapon, it is not permitted to prove that it was done with a weapon of a totally diverse character. “Thus, evidence of a dagger will support the averment of a knife, but the averment of a knife will not support the averment of a pistol:” 2 Whart. Crim. Law, sec. 1059.
The instruction given, that the jury might find the defendant guilty of murder in" the first degree, by another kind of willful, deliberate^ and premeditated killing, as by poison, etc., was erroneous; and as the evidence is not in the record, we cannot know to what extent, if any, it may have misled the jury.
The Court further instructed the jury, that, “when the State proves the killing, the law presumes malice, which presumption, to make the offense less than murder, must be overcome by proof, or circumstances detailed in the evidence, to show that it did not exist.” This statement, though true in the abstract, should have been accompanied by the explanation that, from the mere fact of killing, without more, the law presumes only murder in the second degree. Malice is presumed from the mere fact of killing, but it is not presumed from the fact of killing alone, that the killing was perpetrated “by means of poison, lying in wait, or by any other kind of willful, deliberate, malicious and premeditated killing,” or in the perpetration of any of the felonies mentioned in section 4598 of the Code: 3 Green. Ev., sec. 14, Note; Hill’s Case, 2 Gratt., 594.
The Circuit Court should have arrested the judgment, and it must be arrested in this Court.